# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LARRY COOPER, et al,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No.: 2:13-CV-1372-VEH |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## **MEMORANDUM OPINION**

This civil action was filed on July 23, 2013, by Larry Cooper and Minnie Cooper. All allegations of the complaint are brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (the "FTCA"), and arise out of medical treatment Larry Cooper received at the Veteran's Administration Medical Center in Birmingham, Alabama. (Doc. 1). On October 7, 2013, the plaintiffs filed a "First Amended Complaint" wherein they substituted Erma Cooper "in all places in which the said [p]laintiff Minnie Cooper's name appears in the Complaint." (Doc. 4 at 1).

The case comes before the court on the defendant's motion, filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss this case for lack of subject matter jurisdiction. (Doc. 23). On September 30, 2014, the court entered an

order which advised the parties, including the *pro se* plaintiffs, of the filing of the motion, and the requirement that the parties comply with this court's "Exhibit B," which was attached to that order. (Doc. 24 at 1-7). That same order also advised the plaintiffs that their responsive submissions should be filed no later than October 20, 2014. (Doc. 24 at 1). To date, the plaintiffs have filed nothing in response to the motion.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action where the court finds that it does not have subject matter jurisdiction. It has been noted that

> [u]nder a Rule 12(b)(1) motion, a claim may be challenged both facially and factually. *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir.1999 ). According to the Eleventh Circuit, facial attacks "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true". *Id.* (punctuation omitted). Factual attacks, however, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (punctuation omitted). The Eleventh Circuit has instructed that "[i]n response to a factual attack, a court should dismiss the complaint for lack of subject matter jurisdiction where the federal claim is clearly immaterial or insubstantial." *Id.* (punctuation omitted). In factual subject matter jurisdictional attacks, this Court need not take the allegations in the complaint as true. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir.2011) *cert. denied*, —— U.S. ——, 132 S.Ct. 2379, 182 L.Ed.2d 1051 and *cert. denied*, 132 S.Ct. 2380 (U.S.2012) and *cert. denied*. Rather, the Court may "independently weigh the facts and is not constrained to view them in the light most favorable to the non-movant."

*Id.*

*Bohenkamp v. JT Private Duty Home Care, LLC*, No. 2:14-CV-366-FTM-38CM, 2014 WL 6722505, at *1-2 (M.D. Fla. Nov. 28, 2014). The instant motion is a factual attack.

> The Eleventh Circuit has explained:
>
> "The FTCA is a specific, congressional exception" to the United States' sovereign immunity for tort claims, under which the government may "be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." *Suarez v. United States,* 22 F.3d 1064, 1065 (11th Cir.1994) (per curiam). However, this waiver "must be scrupulously observed, and not expanded, by the courts." *Id.* A federal court does not have "jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency . . . within two years from the time the claim accrues ... accompanied by a claim for money damages in a sum certain." *Dalrymple v. United States,* 460 F.3d 1318, 1324 (11th Cir.2006) (citing 28 U.S.C. §§ 2675, 2401(b); 28 C.F.R. § 14.2(a)). . . . Because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," the district court lacks subject matter jurisdiction over prematurely filed suits. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).  Even if the claim is timely presented to the appropriate administrative agency, it is still "forever barred unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C.A. § 2401(b).

3

The defendant has presented evidence, in the form of the declaration of Kathryn Simpson, Deputy Assistant General Counsel for the United States Department of Veterans Affairs, that states: "After review, Mr. Cooper's claim was . . . denied[1] by this office on December 6, 2012. The denial letter was sent by certified mail to Mr. Cooper at [REDACTED] Birmingham, Alabama 35206, the address he provided to the VA." (Doc. 23-2 at 2). The declaration says nothing about when this letter was <u>mailed</u>. The declaration references the denial letter, which is dated December 6, 2012 (doc. 23-5 at 2), and a photocopy of the envelope addressed to the plaintiff (doc. 23-5 at 3), neither of which indicate the date of mailing. However, the declaration also states that "[o]n January 11, 2013, the letter was returned to the VA, designated 'Return to Sender Unclaimed Unable to Forward.'" (Doc. 23-2 at 3). Accordingly, it is clear that the letter was mailed on or before January 11, 2013.

The declaration states that, because the certified mail letter was returned, it was re-sent, by regular mail, as an enclosure to another letter which advised the plaintiff that he had six months from the date of the original letter, to file a lawsuit. (Doc. 23-2 at 3 (citing 23-7 at 2)). The declaration also notes that "[n]o claim was received

---

[1] The declaration actually states the "claim was again denied," since at that point the claim was denied <u>on reconsideration</u>.

4

from Erma Cooper, and her name does not appear on the [claim] filed by Mr. Cooper." (Doc. 23-2 at 2).

This lawsuit was filed on July 23, 2013. (Doc. 1). Assuming that the first denial letter was sent as late as January 11, 2013, the date it was returned as unclaimed, the suit was still filed more than six months after the date the denial letter was mailed. For that reason, and because Erma Cooper never filed an administrative claim, this court lacks subject matter jurisdiction over the claims in this case. The motion to dismiss is therefore due to be **GRANTED**. A final order will be entered.

**DONE** and **ORDERED** this 3rd day of December, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge